# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REYNALDO JASSO, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00908-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Isaiah J. Petillo is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 3, 2019. (ECF No. 1)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on July 3, 2019. (ECF No. 2.)

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Petillo v. Bolan, Case No. 2:16-cv-02513-CJC-JPR (C.D. Cal.) (dismissed on January 5, 2017 for failure to state a claim, following a screening order stating that all of Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that Plaintiff only sought monetary relief); (2) Petillo v. Kearnan, Case No. 3:16-cv-01950-MMA-JMA (S.D. Cal.) (dismissed on April 28, 2017 for failure to state a claim); (3) Petillo v. Castro, Case No. 3:16-cv-02457-WQH-BLM (S.D. Cal.) (dismissed on July 14, 2017 for failure to state a claim); and (4) Petillo v. Jasso, Case No. 1:18-cv-01188-AWI-JLT (E.D. Cal.) (dismissed on June 10, 2019 for failure to exhaust administrative remedies, following a screening order stating Plaintiff's failure to exhaust administrative remedies was clear from the face of the operative complaint). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (citation and

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

internal quotation marks omitted)); Washington v. L.A. County Sheriff's Dep't, 833 F.3d 1048, (9th Cir. 2016) (stating that a dismissal under Heck qualifies as a strike under § 1915(g) "for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA[]"); El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on July 3, 2019. Andrews, 493 F.3d at 1053-56. In his complaint, Plaintiff alleges that, on July 18, 2018, Correctional Officers Jasso and Ochoa used excessive force on him. Plaintiff further alleges that, on approximately July 27, 2018, Correctional Officer Ochoa threatened to assault him. However, as these events are alleged to have occurred approximately a year before the instant complaint was filed and Plaintiff has not alleged that he is in any "ongoing danger" of serious physical injury, Plaintiff's complaint fails to demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint. Andrews, 493 F.3d at 1056-57. Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's motion to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 8, 2019**__

UNITED STATES MAGISTRATE JUDGE