# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>              Plaintiff,<br><br>    v.<br><br>REYNALDO JASSO, et al.,<br><br>              Defendants. | Case No. 1:19-cv-00908-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD APPLICATION TO PROCEED *IN FORMA PAUPERIS*, CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 11)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Isaiah J. Petillo is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 3, 2019, Plaintiff filed a complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

On July 8, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 5.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.)

1

Also, on July 8, 2019, Plaintiff filed a second application to proceed *in forma pauperis*. (ECF No. 6.)

On September 13, 2019, after Plaintiff failed to file objections to the findings and recommendations, the undersigned issued an order adopting the July 8, 2019 findings and recommendations in full and denied both of Plaintiff's applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (ECF No. 8.) The undersigned ordered Plaintiff to pay the $400.00 filing fee in full within twenty-one days from the date of service of the order. (Id.)

On September 30, 2019, Plaintiff filed a motion for a 30-day extension of time to pay the filing fee. (ECF No. 9.) On October 1, 2019, the Magistrate Judge granted Plaintiff an additional 30 days to pay the $400.00 filing fee in full. (ECF No. 10.) Therefore, Plaintiff was required to pay the $400.00 filing fee in full on or before November 4, 2019.

However, on October 28, 2019, rather than pay the $400.00 filing fee in full, Plaintiff filed a third application to proceed *in forma pauperis*. (ECF No. 11.) The Court interprets Plaintiff's motion as a motion for reconsideration of the Court's September 13, 2019 order adopting the July 8, 2019 findings and recommendations, denying Plaintiff's applications to proceed *in forma pauperis*, and ordering Plaintiff to pay the $400.00 filing fee in full in order to proceed with this action.

## II.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff disputes the Court's findings that he does not meet the imminent danger exception to the three strikes rule. 28 U.S.C. § 1915(g). Specifically, Plaintiff argues that he is in ongoing imminent danger of serious physical harm because Defendant Ochoa and other non-party prison staff members harassed and/or retaliated against Plaintiff on several occasions in September 2018, because non-party correctional officers threatened, harassed and/or retaliated against Plaintiff in October 2019, and because he was physically attacked by his cellmate on or about October 13, 2019.[1]

However, Plaintiff signed his complaint on June 14, 2019 and the complaint was filed

---

[1] To the extent that Plaintiff's motion also requests that the Court grant Plaintiff leave to file a first amended complaint that would include retaliation and other claims against Captain Hernandez and Correctional Officer Castillo, two parties who are not currently named as Defendants in this action, the Court denies Plaintiff's request.

Federal Rule of Civil Procedure 20 permits multiple parties to be joined as defendants in a single action only if claims are asserted against them jointly or severally, or the claims asserted against them "arise out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of fact or law common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1). Here, since the proposed claims against Captain Hernandez and Correctional Officer Castillo are not asserted jointly and severally against Defendants Jasso and Ochoa and do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims directed against Defendants Jasso and Ochoa, the proposed claims against Captain Hernandez and Correctional Officer Castillo are not related to the claims in Plaintiff's complaint against Defendants Jasso and Ochoa. "[U]nrelated claims that involve different defendants must be brought in separate lawsuits." Reed v. Hinshaw, No. 1:11-cv-00340-AWI-SAB (PC), 2013 WL 3198611, at *2 (E.D. Cal. Jun. 21, 2013) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

with the Court on July 3, 2019. (ECF No. 1.) With regards to the events that Plaintiff alleges occurred in September 2018, before Plaintiff's complaint was filed, Plaintiff has failed to explain why he did not allege these facts in his complaint or raise these facts in any written objections to the July 8, 2019 findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g), as required by Local Rule 230(j). Further, since Plaintiff's allegations regarding any harassment and/or retaliation in September 2018 occurred approximately 8 months before Plaintiff filed his complaint, these allegations fail to demonstrate that Plaintiff was in imminent danger of serious physical injury when he filed his complaint on July 3, 2019.

With regards to the events that Plaintiff alleges occurred in October 2019, these events occurred approximately three months after Plaintiff's complaint was filed on July 3, 2019. Because the events that occurred in October 2019 happened after the instant complaint was filed, Plaintiff cannot base his claim of imminent danger on the October 2019 events. Rather, "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Therefore, Plaintiff's allegations about events that occurred in October 2019 fail to demonstrate that Plaintiff was in imminent danger of serious physical injury when he filed his complaint on July 3, 2019.

Consequently, Plaintiff's motion for reconsideration is denied.

While Plaintiff's motion for reconsideration was pending, the time allotted for Plaintiff to pay the $400.00 filing fee in full expired. Therefore, the Court finds that the interest of justice requires that Plaintiff be granted twenty-one (21) additional days from the date of service of this order to pay the $400.00 filing fee in full in order to proceed with this action.

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third application to proceed *in forma pauperis*, construed as a motion for reconsideration, (ECF No. 11), is DENIED;

///

4

2. In the interest of justice, Plaintiff is granted **twenty-one (21) days** from the date of service of this order to pay the $400.00 filing fee in full in order to proceed with this action; and

3. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed</u>.

IT IS SO ORDERED.

Dated:   **November 14, 2019**            /s/ Lawrence J. O'Neill
                                                                             UNITED STATES CHIEF DISTRICT JUDGE