# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>    Plaintiff,<br><br>v.<br><br>REYNALDO JASSO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00908-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND SECOND MOTION FOR RECONSIDERATION<br><br>(ECF No. 13)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Isaiah J. Petillo is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 3, 2019, Plaintiff filed a complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

On July 8, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 5.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.)

Also, on July 8, 2019, Plaintiff filed a second application to proceed *in forma pauperis*.

(ECF No. 6.)

On September 13, 2019, after Plaintiff failed to file objections to the findings and recommendations, the undersigned issued an order adopting the July 8, 2019 findings and recommendations in full and denied both of Plaintiff's applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (ECF No. 8.) The undersigned ordered Plaintiff to pay the $400.00 filing fee in full within twenty-one days from the date of service of the order. (Id.)

On September 30, 2019, Plaintiff filed a motion for a 30-day extension of time to pay the filing fee. (ECF No. 9.) On October 1, 2019, the Magistrate Judge granted Plaintiff an additional 30 days to pay the $400.00 filing fee in full. (ECF No. 10.) Therefore, Plaintiff was required to pay the $400.00 filing fee in full on or before November 4, 2019.

However, on October 28, 2019, Plaintiff filed a third application to proceed *in forma pauperis*. (ECF No. 11.)

On November 14, 2019, the Court denied Plaintiff's third application to proceed *in forma pauperis*, construed as a motion for reconsideration. (ECF No. 12.) The Court also granted Plaintiff an additional twenty-one (21) days from the date of the service of the order to pay the $400.00 filing fee in full. (Id. at 5.)

On December 6, 2019, Plaintiff filed a document captioned: "Plaintiff alleges "Ongoing danger," Imminent Danger of Serious Physical Injury – Seeks to Add Additional Defs to Compl. § 1915(g)." (ECF No. 13.) In his filing, Plaintiff asserts that he is in imminent danger of serious physical harm due to events that occurred between him and six Correctional Officers on November 24 and 25, 2019 and that he wants to amend his complaint to include multiple new claims against eight new defendants. Hence, the Court construes Plaintiff's filing as a motion for leave to file a supplemental complaint and a second motion for reconsideration of the Court's September 13, 2019 order adopting the July 8, 2019 findings and recommendations, denying Plaintiff's applications to proceed *in forma pauperis*, and ordering Plaintiff to pay the $400.00 filing fee in full in order to proceed with this action.

**II.     Motion for Leave to File a Supplemental Complaint**

Plaintiff states in his December 6, 2019 filing that he seeks to amend his complaint to

include multiple new claims against eight new defendants.  However, since all the events at issue in the new claims against the new defendants occurred after Plaintiff's complaint was filed, it is clear that Plaintiff is actually seeking leave to file a supplemental complaint, not to amend his original complaint.  Fed. R. Civ. P. 15(d).

Under Federal Rule of Civil Procedure 15(d), a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The bringing of new claims in a supplemental pleading should be allowed when it promotes the economical and speedy disposition of a controversy.  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  However, although leave to permit supplemental pleading is generally favored, supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'"  Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted).  Additionally, in this case, since Plaintiff wishes to join new parties to this action, Plaintiff must satisfy the transactional test of Federal Rule of Civil Procedure 20.  Singleton v. Kernan, No. 3:16-cv-2462-BAS-NLS, 2017 WL 4021536, at *3 (S.D. Cal. Sept. 12, 2017).  Rule 20 permits multiple parties to be joined as defendants in a single action only if the claims asserted against them "arise out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of fact or law common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

Plaintiff's original complaint contains claims arising out of his allegations that, on July 18, 2018, Defendants Ochoa and Jasso used excessive force on him and that, on July 27, 2018, Defendant Ochoa threatened to assault him.  (ECF No. 1.)  In his current filing, Plaintiff states that he seeks to add eight new defendants to this action, including Captain Hernandez, Correctional Officer Castillo, Correctional Officer E. Castellanos, Correctional Officer J. Duran, Correctional Officer Riley, Correctional Officer E. Diaz, Correctional Officer R. Figueroa, and Correctional Officer Martinez.  Further, Plaintiff asserts that he wants to "amend" his complaint to include claims arising out of his allegations that: (1) in October 2019, he was placed into administrative segregation for retaliatory reasons; (2) that Captain Hernandez and Correctional Officer Castillo disseminated allegations to the inmate population in order to attempt to have

3

inmates inflict harm and pain on Plaintiff; (3) that, on November 24, 2019, Correctional Officers Diaz, Duran, Castellanos, Riley, Figueroa, and Martinez assaulted and battered Plaintiff in Plaintiff's cell; and (4) that, on November 25, 2019, Correctional Officer Castellanos threatened to make a sexual rape allegation against Plaintiff if Plaintiff reported the use of force incident that had occurred on November 24, 2019.

However, while Plaintiff asserts that the incidents with the eight proposed defendants occurred as ongoing retaliation for filing this action against Defendants Jasso and Ochoa, the incidents with the eight proposed defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Defendants Jasso and Ochoa. Further, the incidents with the eight proposed defendants do not involve any common questions of law and fact. Therefore, Plaintiff's new claims against the eight proposed defendants are new, separate, and unrelated to the claims directed against Defendants Ochoa and Jasso in Plaintiff's complaint.

Consequently, since supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action[,]'" Neely, 130 F.3d at 402, and "unrelated claims that involve different defendants must be brought in separate lawsuits[,]" Plaintiff's motion for leave to file a supplemental complaint is denied. Reed v. Hinshaw, No. 1:11-cv-00340-AWI-SAB (PC), 2013 WL 3198611, at *2 (E.D. Cal. Jun. 21, 2013) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

**III.     Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to

4

exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff disputes the Court's findings that he does not meet the imminent danger exception to the three strikes rule. 28 U.S.C. § 1915(g). Specifically, Plaintiff argues that he is in ongoing imminent danger of serious physical harm because, on November 24, 2019, six non-party Kern Valley State Prison correctional officers assaulted and battered Plaintiff in Plaintiff's cell and, on November 25, 2019, one of the six non-party correctional officers threatened to make a sexual rape allegation against Plaintiff if Plaintiff reported the use of force incident that had occurred the day before.

However, "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Therefore, Plaintiff's allegations about events that occurred in November 2019 fail to demonstrate that Plaintiff was in imminent danger of serious physical injury when his complaint was filed with the Court on July 3, 2019. (ECF No. 1.)

Consequently, Plaintiff's second motion for reconsideration is denied.

While Plaintiff's second motion for reconsideration was pending, the time allotted for Plaintiff to pay the $400.00 filing fee in full expired. Therefore, the Court finds that the interest of justice requires that Plaintiff be granted an additional twenty-one (21) days from the date of

service of this order to pay the $400.00 filing fee in full in order to proceed with this action.

**IV. Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a supplemental complaint and second motion for reconsideration, (ECF No. 13), is DENIED;

2. In the interest of justice, Plaintiff is granted an additional **twenty-one (21) days** from the date of service of this order to pay the $400.00 filing fee in full in order to proceed with this action;

3. No further extensions of the time to pay the $400.00 filing fee in full will be granted; and

4. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed.</u>

IT IS SO ORDERED.

Dated: __**December 19, 2019**__          _____/s/ Lawrence J. O'Neill_____
                                                                    UNITED STATES CHIEF DISTRICT JUDGE