# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REYNALDO JASSO, et al.<br><br>　　　　Defendants. | No.  1:19-cv-00908-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 18) |

On January 22, 2020, this action filed pursuant to 42 U.S.C. § 1983, was dismissed, without prejudice, for failure to pay the filing fee and judgment was entered.  (Doc. Nos. 16, 17.)

On  July 27, 2020, plaintiff filed the instant motion for reconsideration.  (Doc. No. 18.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531

1

F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff contends that the Court's January 22, 2020, dismissal order did not indicate whether the dismissal was with or without prejudice or provide a final notice of closure of the case. (Mot. at 4.)  Plaintiff is advised that the Court's January 22, 2020, order specifically stated the action was dismissed, *without prejudice*, and judgment was entered this same date.  (Doc. Nos. 16, 17.)  To this end, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order denying his application to proceed *in forma pauperis* and directing him to pay the required filing fee.  Accordingly, plaintiff's motion for reconsideration, filed on July 27, 2020 (Doc. No. 18) is denied.

IT IS SO ORDERED.

Dated:   **March 24, 2021**

UNITED STATES DISTRICT JUDGE

2